Monday, March *t. The judges delivered their opinions.
Judge Tucker.
The appellant brought an action of assault and battery against Joel Motley and others. On the trial the parties agreed that a certain paper then exhibited “ should be used in the same manner as if the same “ had been pleaded: and thereupon the defendants moved “ the Court to instruct the jury that the said paper in these <£ words — ‘ I do hereby acknowledge, that Joel Motley’s “ paying my expenses at Mount Relief with Capt. A. Hun- “ fer, shall be a satisfaction for the part he the said Motley “ took in an assault and battery committed upon me at the “ said Mount; provided this rdiall not be considered as “ any satisfaction in favour of Joseph Nunn and others, “ who were guilty at the same time and place, Signed T. “ W. Ruble’ — discharged the whole of the defendants from u the action of the plaintiff, it being for the same cause “ stated in the paper aforesaid; which the Court accord- “ ingly did; and die plaintiff tendered a bill of exceptions s‘ stating this matter.”
The agreement between the parties, that this paper should be used as if it had been pleaded, admits it to have been pleaded properly, so as that an issue on the merits might have been fairly joined upon it; and, consequently, waives all such objections as might have been made by a demurrer. The proper plea (the paper not being under seal) would have been accord and satisfaction, which is a good plea in trespass, and in all actions which suppose a wrong vi ei armts.(a) It is objected, however, to this paper, that it is an executory agreement, not importing that satisfaction had leen made, but that it tras to be made; and, consequently, not a satisfaction, without which an accord is *42 not a good plea. Perhaps, if there had been a plea in the words of the paper, and the plaintiff had demurred to it, and shewn for cause this grammatical obscurity, arising from the use of the word “ paying,” which, it is contended, must be understood as having a future signification, the objection might have been sustained. But as the plea, by virtue of the agreement between the parties, must now be taken as properly pleaded, the question is how the jury-might understand it, either substantively, or connected with other evidence before them. The bill of exceptions does not preclude the presumption that there was other evidence; and the sense of the paper may, without such aid, have been taken by them and by the Court, to imply that the payment was made at the time. The name of one of the witnesses is the same with that of the landlord mentioned in the paper, and affords a presumption that he had received satisfaction for the plaintiff’s expenses at his house. The word “ paying,” connected with this circumstance, may be understood as referring to a past, or a simultaneous, as well as a future transaction. Had the latter been contemplated between the parties, they would probably have expressed it “ upon paying,” instead of expressing it as they have. The words, “ I do hereby acknoxvledge that Joel Motley's paying,” &c. seem very much to strengthen this interpretation. Had not the payment been, already made, we should probably not have found the word “ acknowledge” in the paper, but the word agree, or some other such word. The words “ shall he a satisfaction were however relied on, as shewing that the agreement was .not executed., but executory. I rather think this expression relates to the effect which the payment and agreement shall be interpreted to have, than to its future operation. Upon the whole, notwithstanding the many critical objections to which the paper is certainly liable, I am inclined to think the Court gave to it the proper construction as evidence both of an accord and satisfaction made.
*43 The next question is, whether an accord with, and satisfaction received from, one joint trespasser, will, like a release, operate as a bar to a recovery against the other joint trespassers.
As every deed, in order to render it effectual, must be founded either upon a good, or a valuable consideration, the reason why a release operates as a bar to an action for an injury done, is the consideration, either good in law,, or valuable, which moves to the release. This is the essence of the deed, without which it would be void. So an accord, without satisfaction, which is analogous to the consideration in a deed, would be merely void; but, when satisfaction is made, like a valuable consideration in a deed, it gives effect to the instrument; and (by analogy to a release) satisfaction (which implies full reparation for the injury Sustained) being received from one of the joint trespassers, shall discharge the whole. This I think sufiiciently clear upon principle: but the case of Hillman v. Uncles, cited from Skinner, 391. affords what I understand as an authority to the same purport. In that case the defendant pleaded to an action of trespass, that the trespass was done by him and one Jane Rowland; and that, after the trespass, it had been accorded between the plaintiff and fane Rowland that she should. abate fourteen shillings, which were due to her by the plaintiff’s father; and that she had abated them: on demurrer the plea was held bad, because it did not shew how she had abated the money ; for it should be such as would be an absolute bar to the demand in future; as the satisfaction should be of value. It was further agreed, that though the satisfaction was not to the plaintiff himself, yet, being made at his request, and by his consent, that it was good.(a) Now here it seems to have been admitted, that, if the plea had shewn how the money was paid by one of the defendants, it would have been a bar to a recovery against the other; which is precisely the present case.
*44 ■ But it is contended, that the proviso, that it should not be considered as a satisfaction in favour of the other defendants, makes a distinction between this and the case of an accord and satisfaction generally, and therefore no bar to a recovery against them.
It is a rule of construction that, if there be any clause or condition in a deed, which is either contrary to law, or repugnant to the nature of the estate created, it is void, (a) Now here the question is, whether, by the first clause in this instrument of writing, Joel Motley was thereby discharged,-and the plaintiff barred of his action against him: and I hold that he was, for the reasons already given. What then is the effect of this? The law says, that if one joint trespasser be released, or make accord and satisfaction, it shall bar a recovery against all the others. The plaintiff can no more change the law, in this particular, by any subsequent proviso or condition, than he could, after a grant in fee-simple, by deed, restrain his grantee from selling the lands, or change the course of descents prescribed by law; neither of which will it be contended that he could do. The proviso then is merely void, and cannot prevent the legal effect of the accprd and satisfaction made by one of the defendants.
I am therefore pf opinion, that the judgment be affirmed.
Judge Roane.
I have had a gopd deal of doubt respecting the true construction of the paper mentioned in the bill of exceptions. That paper, considered as a release, is not valid, for the reasons assigned by the appellant’s counsel. Considered as an accord, the question is whether it contains sufficient evidence of the receipt of the satisfaction, to justify the instruction given by the district Court. After much consideration, I rather incline to agree with the other Judges that it does. The point would, however, have been much clearer in favour of that construction, if, in aid of the paper itself, it had been shewn to *45 have been made at the house of Capt. Alexander Hunter; and, still more, if it were unequivocally established that he was present at its execution; for then the agreement and receipt of the satisfaction might naturally be considered as one transaction. Although these facts are not expressly shewn in evidence, some circumstances arise out of the paper itself, which justify such a presumption. It may he inferred, that the paper was executed at the time of the assault and battery; because, when it refers to that trespass, it does not describe it as having taken place at any former period. This inference is further supported by the consideration that the paper was executed near 18 months before the bringing of the action; and, as it is not probable that the plaintiff would have suffered a longer time than that to elapse before the institution of his suit, we cannot reasonably presume that the assault took place at a period anterior to that of the execution of the paper: and, if the paper were then executed, it was executed at the house of Capt. Alexander Hunter; for the trespass was there committed. Being thus deduced to have been executed at the house of Capt. Alexander Hunter, it becomes more probable that he is the very Alexander Hunter who attested the paper-as a witness. This circumstance, thus established, or presumed, comes in aid of the terms of the paper itself to shew that the agreement and receipt of satisfaction formed but one transaction, to which Capt. Hunter was privy and a party; and that the plaintiff, then and there, through him, received the satisfaction agreed on; which is rendered more probable by the probable smallness of the sum due for tavern expenses.
Taking the case on the paper itself, I was at first inclined to suppose that the expression “ shall he,” denoted a future and excluded the idea of a present payment: but that expression is well accounted for by referring it to the proviso, viz. that the payment shall be a satisfaction, in case it does not. release the other defendants, and otherwise not. The *46 word “ acknowledge” is also rather more appropriate to a receipt or acquittance than to an accord or agreement; and it is doing little violence to the expression “ paying,” to construe it as synonymous with having paid; and this the rather, because the word “ on” is omitted. If it had been, “ on Joel Motley’s paying, then,” £s?c. that word “ on” would have been very strong to exclude the idea oí present payment.
These considerations induce me to think that a jury would have been authorised to infer, from the paper in question, a satisfaction either by an actual payment to Alexander Hunter, or by Alexander Hunter’s having discharged the plaintiff from the payment of the expenses, and agreed to take them unconditionally in the hands of Motley : and as that paper (according to the agreement) is to be used in the same manner as if it had been regularly pleaded, the Court must understand it in like manner.
As to an accord by one defendant, Peytoe’s case(a) shews that it will avail another; and I consider that the proviso in this case is void, as being- contrary to the policy of the law and the nature of the transaction. This case, so far as it depends on that point, is in principle like the one stated in 5 Bac. Abr. 702. that, if two men are bound in an obligation, and the obligee releases to one oí them, proviso, that the other shall not take advantage of it; this proviso is void.
I am therefore of opinion, that the judgment ought to be affirmed.
Judge Fleming.
The appellant’s counsel has stated three objections to the writing mentioned in the bill of exceptions :
1st. That the paper, purporting to be a release, not being by deed, for want of a seal, was no bar to the action;
2dly. That, if Motley could avail himself of it, the other defendants could not, there being an express saving as to them; and,
*47 3dly. That the paper, if a release, is conditional, and the performance of the condition, which is precedent, does not appear even by averment.
With respect to the first point: — Supposing the paper he not considered as a deed of release, for want of a seal, yet it might well have been pleaded as an accord and satisfaction for the trespass and assault.
As to the second point, “ that if Motley could avail him- “ self of it, the other defendants could not, there being an “ express saving as to them — if the paper could operate as a discharge of Motley, it must be a discharge of the others also; they being joint trespassers and defendants in one joint action; the authorities for which have already been cited. (a) And it has been shewn by a judge who preceded me, that where a condition, illegal in itself, or intended to have an illegal operation, is annexed to a written instrument, otherwise genuine and valid, such condition is absolutely void.
With respect to the third objection, “ that, if the paper “ be a release, it contained a condition precedent, the per- “ formance of which does not appear even by averment I consider this paper as if it had been (according to the agreement of the parties) regularly and properly pleaded by the defendants. The plea would then have been, in substance, that the defendant Motley had, as an accord and satisfaction for the trespass, assault, &c. paid to Alexander Hunter, at the request of the plaintiff, his expenses at Mount Relief amounting to the sum of whatever was paid; which, if verified, would have discharged till the defendants from the action of the plaintiff.
It is true, that the language of the paper i,s somewhat ambiguous, and does not contain an explicit acknowledgment that those expenses had actually been paid by Motley ; though I think it may be fairly inferred that they zvere paid; especially as Alexander Hunter, to whom the expenses were due, was a witness to the writing; which, according to a well-settled principle of law, is to betaken most *48 strongly against the maker. But, be the construction of the paper what it may, the bill of exceptions does not state it to have been all the evidence before the Jury; and, for aught that appears to the contrary, the actual payment might have been proved on the trial by oral testimony.
I therefore concur in opinion, that the judgment of the District Court be affirmed.

 1 Esp. Ni. Pri. 415. 1 Bac. Abr. Accord and Satisfaction. 5 Term Rep. 141.

 1 Esp. 415.

 2 Bl.Com. 155.

 9 Rep.79.

 See Hobart, 66. pl. 9 Code v. Jenner. Brownt. 189. Cooke v. Fenman.